UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION-UNITED HEALTHCARE WORKERS WEST,<br><br>　　　　Defendant. | Case No.  22-cv-05113-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

　　　　The motion to dismiss is denied. This order assumes the reader's familiarity with the facts of the case and the relevant law.

　　　　SEIU argues that only it, and not Kaiser, can initiate a grievance under the Grievance and Arbitration Procedures outlined in the Collective Bargaining Agreements at issue. For support, SEIU points to the "Steps of the Grievance…Procedure," which contemplate that the procedure "shall be initiated at Step One by the submittal of a grievance form from the union." Dkt. No. 1 at 148; *see also id.* at 518 (similarly contemplating that "[a] Union Steward representing an employee shall initiate the grievance procedure at Step One."). This means, according to SEIU, that Kaiser's claims seeking an order compelling arbitration must be dismissed.

　　　　On this record, however, the best that can be said for SEIU is that the agreements are ambiguous. While the steps of the grievance procedure suggest that only the union can initiate the procedure, the agreements contain other language suggesting that the parties agreed to arbitrate all disputes, regardless of which side initiates them. *See, e.g.*, Dkt. No. 1 at 146 (defining "[g]rievance" as "*every* dispute concerning interpretation and application of this

Agreement and/or any dispute concerning wages, hours, or working conditions" and requiring that "*[a]ll such disputes*…be subject to the grievance procedure.") (emphasis added); *id.* at 517 (containing virtually identical language). Both sides have arguments for why the ambiguity should be resolved in their favor, but on this record, given the strong presumption in favor of arbitration, this ambiguity must be resolved in Kaiser's favor and the lawsuit cannot be dismissed. *See Dennis L. Christensen General Building Contractor, Inc. v. General Building Contractor, Inc.*, 952 F.2d 1073, 1076–77 (9th Cir. 1991).[1]

SEIU responds that even if the dispute were subject to arbitration, the Court should decline to compel arbitration on procedural grounds—specifically, on the ground that Kaiser did not pursue arbitration in a timely fashion. But Supreme Court precedent is clear that once a court determines that a dispute is subject to mandatory arbitration, "procedural questions…should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964) (internal quotation marks omitted).

SEIU cites a few cases for the proposition that, in rare circumstances, courts may entertain procedural objections to an arbitration. In those cases, courts entertained the possibility in theory but ultimately concluded—under facts similar to those present here—that no such circumstances were present. *See, e.g.*, *Retail Delivery Drivers, et al. v. Servomation Corporation*, 717 F.2d 475, 478 (9th Cir. 1983); *Rochester Telephone Corporation v. Communications Workers of America*, 340 F.2d 237, 239 (2d Cir. 1965); *see also John Wiley*, 376 U.S. at 557–58. As in those cases, the record is not so clear here that procedural questions about timeliness and waiver may be taken from the arbitrator (assuming they ever could).

A case management conference is scheduled for Wednesday, March 8 at 1:00 p.m. It's

---

[1] The Ninth Circuit's decision in *Standard Concrete Products, Inc. v. Local 952* does not compel a different result. 353 F.3d 668 (9th Cir. 2003). Although the steps of the grievance procedure in that case contemplated that the union would initiate the procedure, there's no indication in the Ninth Circuit's opinion that the agreement contained other language requiring that all disputes be subject to arbitration. *See id.* at 673–75; *see also Kaiser Foundation Hospitals v. California Nurses Association*, No. 11-cv-5588-SC, 2012 WL 440634, at *2–4, n.2 (N.D. Cal. Feb. 10, 2012).

not clear that any further proceedings are necessary before the Court compels the case to arbitration, but the parties should be prepared to discuss that. A joint case management statement is due March 1.

**IT IS SO ORDERED.**

Dated: February 24, 2023

_____
VINCE CHHABRIA
United States District Judge